CHARLES THAYER *et al. v.* CHARLES W. LANE *et al.*

An administrator appointed in another state has no interest in the real or personal property of his intestate here. Nor has an administrator appointed in this state any interest in, or authority over, real estate, unless the personal property of the deceased is insufficient to pay his debts, and then he can only dispose of it after express permission given by the judge of probate, on application made for that purpose.

No decree will be entered against an infant on a bill taken against him as confessed, or on the answer of his guardian *ad litem,* admitting the facts stated in the bill. The answer, in such case, is regarded as a pleading merely, and cannot be used as evidence for, or against, the infant, against whom the complainant must prove his case.

In equity, as between partners themselves, real estate purchased by them with partnership effects, is partnership property, and, on the dissolution of the firm, should be divided as such, each party taking the same share in it as in the personal property, unless at the time of the purchase it was understood to be an individual and not a partnership transaction.

A partition will be decreed according to the equitable rights of the parties. But, to enable the Court to make such decree, their equitable rights should appear from the pleadings.

The relief given by the Court must be consistent with the case made by the bill.

THIS was a bill for a partition of land.

It is unnecessary to state the pleadings and testimony in the cause, as they will appear in the opinion of the Court.

*Miles & Wilson,* for complainants.

*C. W. Lane,* in person.

THE CHANCELLOR. The bill is filed for the partition of sixteen village lots in the village of Ann Arbor. In August, 1829, Richard H. Root and Samuel Wheeler, both of whom are now dead, purchased the lots in question of one

Thayer *v.* Lane.

Elisha Belcher.   Root and Wheeler, at the time of the purchase, were partners in the manufacture of iron, in the state of Ohio, where they resided.   Root owned two-thirds, and Wheeler one-third of the partnership interest, and the lots were purchased with partnership effects.   These facts do not appear from the pleadings but from the evidence in the case.   The bill states that Root was seized in fee of two undivided thirds, as tenant in common with Wheeler, who was seized of the other third.   The latter died in October, 1831, and, in December following, Aaron Wheeler and Charles Wheeler were duly appointed administrators of his estate by the constituted authorities of the state of Ohio.   In June, 1834, Root deeded twelve sixteenths of the lots to the defendant, Monroe, who, in September following; conveyed twelve of the lots to Thayer, four of which Thayer still holds, and the other eight, having been conveyed by him, are severally held by some one of the other complainants, or the defendant, Howlet, under Thayer's title.   The bill states that a parol partition was made of the lots, in 1834, by Charles Wheeler, one of the administrators, and Monroe, about the time the latter purchased of Root.   That Wheeler and Monroe came to Ann Arbor to see the lots, and, while there, agreed Wheeler should have the choice of four lots for the third belonging to the estate of Samuel Wheeler, deceased, and that the other twelve should belong to Monroe ; and that, in consequence of such partition, Root deeded twelve sixteenths of the lots to Monroe, who conveyed twelve of the lots, or all except the four selected by the administrator, to Thayer.   This parol partition is denied by the administrator, who has been examined as a witness by complainants.   It is, however, of no consequence whether a partition was or was not made, by Monroe and the administrator, except for the purpose of showing the mistake

under which the deeds from Root to Monroe, and from Monroe to Thayer, were executed. Charles Wheeler was appointed administrator in the state of Ohio. As such he had no control over, or interest in, the real or personal estate of the intestate in this state. Had he been appointed in our own state, he would have had no authority to make partition of the real estate of the intestate, which descends to the heir, and does not go to the administrator. If the personal estate is insufficient to pay the debts, the administrator may apply to the judge of probate for a license to sell the whole, or so much of the real estate as is necessary for that purpose. He has no other interest in the real estate of his intestate.

The infant heirs and the administrator appointed by the judge of probate of Washtenaw county, in this state, are defendants. The heirs have put in an answer, by their guardian *ad litem*, admitting the allegations of the bill, and the complainants contend they are entitled to a decree on such answer as against them. This is a mistake. No decree will be entered against an infant on a bill taken against him as confessed, or on the answer of his guardian *ad litem*, admitting the facts stated in the bill. The answer, in such case, is regarded as a pleading merely, and cannot be used as evidence for or against the infant, against whom the complainant must prove his case. *Mills* v. *Dennis*, 3 *J. C. R.* 367; *Bulkley* v. *Van Wyck*, 5 *Paige R.* 536; *Stephenson* v. *Stephenson*, 6 *Paige R.* 353.

The administrator, Lane, had obtained a license from the probate court of Washtenaw county, to sell the intestate's interest in the lots, when complainants filed their bill and obtained an injunction against the sale. By his answer, Lane denies that Root, in his lifetime, was seized of two undivided third parts of the lots, and Wheeler of but one undivided third part; and insists that Root and

Wheeler, under the deed to them from Belcher, were tenants in common, each of an undivided moiety. ·This brings up the question whether, in equity, real estate purchased by partners, with partnership effects, is partnership property. At law, they hold it as tenants in common, and not as partners. It was so decided in *Cole* v. *Cole*, 15 *J. R.* 159, *and Goodwin* v. *Richardson*, 11 *Mass. R.* 469. These decisions must be understood, however, as having reference to the legal estate, or interest of the parties in the land, and not to their equitable interest as partners. Between the heir and personal representative of a deceased partner, real estate so purchased has been held, in a number of cases in the English Court of Chancery, to descend to the heir. *Thornton* v. *Dixon*, 3 *Bro. R.* 199 ; *Bell* v. *Thayer*, 7 *Ves. R.* 453 ; *Balmain* v. *Shore*, 9 *Ves. R.* 500. But a contrary doctrine was held in *Townshend* v. *Devaynes*, 1 *Mont. on Part., App.* 96 ; *Smith* v. *Smith*, 1 *Ves. R.* 189 ; and *Ripley* v. *Waterworth*, 7 *Ves. R.* 425. And the better opinion is said to be, that equity will consider the person in whom the legal estate is vested, a trustee for the partnership, and distribute the property as personal estate. 3 *Kent Com.* 37 ; *Col. on Part.* 76 ; *Gow. on Part.* 52.

Whatever may be the rule in equity between the real and personal representative of a deceased partner, I think there can be no doubt that as between the partners themselves, real estate purchased by them with partnership effects, is partnership property, and, on the dissolution of the firm, should be divided as such, each taking that interest in it which he has in the personal property of the partnership; unless, at the time of making the purchase, it was understood to be an individual, and not a partnership transaction. A contrary doctrine would lead to manifest injustice, in case of insolvency of one of the partners, or where

their interest in the partnership was not equal, as is frequently the case. *Green* v. *Green*, 1 *Ham. Ohio R.* 535 ; *Sigourney* v. *Mundy*, 7 *Conn. R.* 11.

Root having two shares to Wheeler's one in the partnership between them, was in equity the owner of two undivided third parts of the lots, when he conveyed to Monroe. And Monroe, supposing there had been a partition made of them between him and Charles Wheeler, intended to convey the whole of his interest to Thayer, when he deeded to him the twelve lots. Thayer and his grantees, consequently, are entitled to Root's interest in the lots, which, at law, was an undivided half, but in equity, two equal undivided third parts. Can a decree be entered accordingly, based on the equitable rights of the parties ? I should entertain no doubt on this point, if the bill were so framed as to present the equities of the parties under the deed from Belcher to Root and Wheeler. Partition may be decreed according to the equitable rights of the parties. *Coxe* v. *Smith*, 4 *J. C. R.* 271. But, to enable the Court to make such decree, the equitable rights of the parties should appear from the pleadings in the case. The bill, it is true, states the rights of Root and Wheeler to have been two-thirds and one-third, but it must be understood with regard to their legal, not their equitable rights. It does not as much so refer to the latter ; for there is no mention made in any part of the bill, of the partnership of Root and Wheeler, the different interests of the partners, the purchase of the lots by them as partners, and the payment of the purchase money out of the partnership property, and the deed from Belcher to them as tenants in common. No one of these facts, out of which the equities of the parties arise, appears from the bill, or is put in issue by the pleadings. They are brought before the Court by the evidence in the cause, and make out a

Thayer *v.* Lane.

case entirely different from that made out by the pleadings. The rule is, that the relief given must be consistent with the case made by the bill. *English* v. *Foxall*, 2 *Pet. R.* 595 ; *Wilkin* v. *Wilkin*, 1 *J. C. R.* 111 ; 13 *Ves. R.* 119 ; 3 *Paige R.* 478 ; 2 *Paige R.* 396. I cannot, therefore, decree a partition on the equitable rights of the parties ; and to enter any other decree would be doing injustice to the complainants. The bill must be dismissed without costs, and with leave to complainants to file a new bill setting up their equitable rights, unless the administrator, Lane, without prejudice to his right to an appeal on the merits, will consent to a decree being entered, for a partition, according to the equitable rights of the parties, at complainants' expense.

A decree entered by consent of administrator.